66

## CIRCUIT COURT OF FAIRFAX COUNTY

Telco Communications
Group, Inc.

v.

The Holtz Marketing
Group, L.L.C.

April 11, 2000

Case No. (Law) 180413

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me for trial on March 27, 2000. At the close of the plaintiff's case, I denied the defendant's motion to strike the evidence. At the close of the defendant's evidence, I advised the parties that I was reversing my previous decision and was taking the defendant's motion to strike under advisement. I requested that plaintiff provide me with a transcript of the testimony of its principal witness. Having reviewed that transcript, the motion to strike is denied. Upon consideration of all the evidence, judgment is rendered in this matter in favor of the defendant.

Plaintiff and defendant entered into a contract whereby plaintiff provided certain long distance telephone services to the defendant. Pursuant to *American Telephone & Telegraph Co. v. Central Office Telephone, Inc.*, 524 U.S. 214, 141 L. Ed. 2d 222, 118 S. Ct. 1956 (1998), the terms of the parties' contract are governed by tariffs filed with the Federal Communications Commission. In this case, the parties agreed that such tariffs require the defendant to pay the plaintiff for long distance calls at the rate of nine cents per minute. Plaintiff sought $16,209.34 in its motion for judgment for services provided during calendar year 1998; it seemed to reduce that claim to $14,593.33 at trial. Defendant acknowledged that some amount was owed to plaintiff, but contended that it had continually received invoices so confusing and inaccurate that it could not determine how much was owed. Defendant

further asserted it had complained continually to plaintiff after making an initial payment of $833 (which payment plaintiff acknowledged) and that plaintiff had promised but failed to correct the invoices.

Plaintiff sought to introduce at trial copies of invoices reflecting services provided under the business records exception to the hearsay rule. The invoices plaintiff sought to introduce came from the defendant's records. The plaintiff asserted that its own records were too voluminous to bring to court to introduce. The plaintiff could not satisfactorily explain how the defendant's copies of invoices produced in discovery were any more voluminous than plaintiff's own copies, or how the volume of documents involved lessens the proof needed to satisfy the business records exception to the hearsay rule. Further, if properly qualified, a witness can testify to evidence under the business records exception without introducing the documents themselves. See *Lee v. Commonwealth*, 28 Va. App. 571, 507 S.E.2d 629 (1998). Such did not occur here. Nor were the invoices the subject of any request for admission. The defendant's objection to the introduction of the invoices was sustained.

Plaintiff also sought to introduce a single page that ostensibly summarized the outstanding invoices. Because the invoices themselves constituting the foundation of the summary and because the testimony about the summary sheet did not satisfy the trustworthiness requirement of the shopbook rule, the objection to the summary was also sustained.

Plaintiff's Senior Collector testified without objection that, based on telephone conversations with the president of the defendant, he (the Senior Collector) had reviewed the invoices and found that the first eight of the twelve invoices had been billed at the wrong rate. Based on that conversation, he recalculated the amount due as $14,593.33. He did so by reducing those bills by 18.2% (the difference between the billed rate of eleven cents per minute and the tariff rate of nine cents per minute). When asked as to two sample invoices why the new amount did not equal the number of minutes billed times nine cents per minute, he testified that the discrepancy arose from "rounding up" the billed time (fractions of a minute rounded up to the next minute). Plaintiff objected to these questions on the grounds that the invoices were not in evidence as a result of defendant's objections. I overruled the objection but advised both counsel that the defendant's questioning about a few invoices opened the door to plaintiff to address on redirect the details of each and every invoice to which defendant had previously successfully objected. Plaintiff's counsel asked no questions about the other invoices on redirect.

I asked plaintiff's counsel to direct me to the portion of the tariff that allowed the plaintiff to "round up" the services provided. Both counsel submitted letters and attachments on that issue post-trial. I found the provision cited by plaintiff unpersuasive in accounting for the apparent discrepancies between trial testimony and billing at the tariff rate.

Defendant's president testified that he spent hours on the phone every month with plaintiff's employees because of the inaccuracy of the bills; that those employees agreed the bills were inaccurate; and that plaintiff never kept its promises to correct them. Defendant offered no written evidence of complaints or documents contesting the amount owed.

Although defendant failed to include the defense of inaccurate billing in an answer to an interrogatory asking about its defenses, it clearly included that defense in its answer and grounds of defense to the motion for judgment. Neither party took a deposition in the case.

Defendant's paucity of evidence in support of its defense is matched only by lack of evidence on behalf of the plaintiff. The plaintiff has failed to carry its burden of proving by a preponderance of the evidence the amount owed by the defendant under the contract. That the defendant acknowledged that some amount is owed gives me no pleasure in ruling in its favor, but it does not provide the proof that the plaintiff needs.